```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


LOUIS A. SMITH AND BARBARA           CIVIL ACTION
K. SMITH


VERSUS                               NO: 06-10802


ACUITY SPECIALTY PRODUCTS            SECTION: "J"(2)
GROUP, INC., ET AL
```

**ORDER AND REASONS**

Before the Court is **Plaintiffs' Motion to Remand to State Court (Rec. Doc.38)**.  This motion, which was opposed, was set for hearing on January 31, 2007, without oral argument.  For the reasons that follow, the Court finds that this motion should be granted.

<u>**BACKGROUND**</u>

Plaintiffs Louis A. Smith and Barbara K. Smith (collectively referred to as "Plaintiffs") herein originally filed suit in state court against several Defendants alleging that Plaintiff Louis A. Smith ("Smith") contracted Acute Myeloblastic Leukemia due to exposure to unsafe levels of benzene.  Specifically, Plaintiffs allege that Smith's employers and their executive officers, over the course of many years, exposed him to benzene by causing him to inhale and handle benzene-containing products,

including but not limited to a penetrating solvent called "Liquid Wrench". Plaintiffs assert that Smith was exposed to benzene-containing petrochemical products that were supplied to Louisiana Defendants Thomas Oil Company, Inc. ("Thomas Oil") and Davis Products Company, Inc. ("Davis") while he worked at the Bogalusa Box Plant. Plaintiffs generally allege that all Defendants "engaged in the manufacturing, sale and/or distribution of benzene and benzene-containing products and/or machinery requiring or calling for the use of benzene and/or benzene-containing products."

On December 6, 2006, Defendant United States Steel Corporation ("USSC") filed a Notice of Removal individually and on behalf of USX Corporation ("USX"), alleging diversity of citizenship as the sole basis for federal jurisdiction and asserting that Thomas Oil and Davis were improperly joined solely to defeat diversity, and further alleging that Plaintiffs cannot state a claim against them. Plaintiffs now move to remand, arguing that they have stated a valid claim against Thomas Oil and Davis.

### DISCUSSION

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. <u>Coury v. Prot</u>, 85 F.3d 244, 248, (5th Cir.1996). Federal district courts have jurisdiction over civil actions in which the

amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. DeAguilar v. Boeing, 47 F.3d 1404 (5th Cir.1995). Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. Dobson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir.1992).

Ordinarily when a non-diverse party is properly joined as a defendant, a defendant may not remove based on diversity jurisdiction. However, a defendant may remove by showing that the non-diverse party was improperly joined. Smallwood v. Il. Cent. R.R. Co., 352 F.3d 220, 222 (5th Cir.2003). The burden of demonstrating improper joinder is a heavy one. Id. It may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir.2003). When a defendant alleges that a plaintiff is unable to state a claim against the non-diverse defendant, the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendant. Id. at 462-63. In other words, there must be a reasonable

3

possibility of recovery.  The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." <u>Travis v. Irby</u>, 326 F.3d 644, 649 (5th Cir. 2003).  In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party. <u>Id.</u>  <u>Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40 (5th Cir. 1992).  If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.  <u>Dodson</u>, 951 F.2d at 42.

In the instant case, Defendants argue that Thomas Oil's  and Davis' joinder was improper because neither can be found liable.  Defendants claim this is so because Plaintiffs have no evidence to substantiate such a claim.  On page 4 of their opposition, Defendants argue, "[i]n absence of proof, this Court is not entitled to assume that the Plaintiffs could prevail under this theory . . ."

Plaintiffs allege that both Davis and Thomas Oil are non-manufacturer sellers of benzene and/or benzene-containing products.  However, Plaintiffs claim that if they are able to show that Davis or Thomas Oil supplied any the benzene-containing

4

products in barrels with their own labels, then they will proceed under a strict liability theory against Thomas Oil and Davis. Defendants attach the affidavit of Davis' President, Charles S. Weintritt to their opposition wherein Mr. Weintritt states that the products sold by Davis to Smith's employers were "designed, tested, manufactured and packaged by others and labeled as such." (See Exhibit 5 to Opposition).  As for Thomas Oil, Defendants note that Plaintiff states that Thomas Oil supplied "solvents and degreasers" to his work site - specifically, Liquid Wrench, a penetrating solvent. (See Exhibit A to Plaintiffs' Motion to Remand).  Defendants then attach a photograph of a Liquid Wrench can and state that it is apparent from the label on the can that the product is manufactured by a company other than Thomas Oil.  Therefore, Defendants claim that there can be no liability imposed upon Thomas Oil or Davis.

    Defendants also argue that under Louisiana law, tort claims against non-manufacturer sellers are actionable only if the seller knew or should have known that the product was patently defective and failed to declare it.  As for Davis, Weintritt's affidavit states that all defects known to Davis were passed along to its customers and/or other end-users.  (Exhibit 5 to Defendants' opposition).  Defendants also argue that because Plaintiffs have presented no evidence or allegations regarding the specific products supplied by Davis and used by Smith, their claims against Davis must fail.  As for Thomas Oil, Defendants

5

note that the only specific product Smith can recall Thomas Oil supplying is Liquid Wrench.  Defendants argue that because the photograph of the Liquid Wrench can submitted by Plaintiffs contains a warning for benzol/benzene, Thomas Oil cannot be liable for failing to declare its hazard.  Defendants also note that Thomas Oil is an inactive entity whose legal existence was suspended in 1998 due to a revocation of its corporate charter. Therefore, barring its reinstatement, recovery against it is a "mere theoretical possibility."  (See Defendants' opposition, p. 10).

    While the Court is authorized to pierce the pleadings in ruling on a motion to remand involving claims of improper joinder, all contested issues of substantive fact must be resolved in favor of plaintiff. <u>Burden v. General Dynamics Corporation</u>, 60 F.3d 213 (5th Cir. 1995), citing <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545 (5th Cir. 1981).  The issue is not whether Plaintiffs will actually or even probably prevail on the merits of the claim, but whether there is a possibility that they might do so. <u>Burden v. General Dynamics Corp.</u>, 60 F.3d 213, 216-217 (5th Cir.1995), <u>citing Dodson v. Spiliada Maritime Corp.</u>, 951 F.2d 40, 42 (5th Cir.1992). The Court may not pre-try substantive factual issues to determine if a defendant is improperly joined. <u>B., Inc.</u>, 663 F.2d at 546.  Thus, Defendants may not defeat Plaintiffs' remand motion merely by pointing to what it believes is a weakness in Plaintiffs' evidence. <u>See</u>

Swindler v. Pittsburgh-Corning Corp., 1996 WL 464171 (E.D. La. Aug. 14, 1996).

In sum, a review of Plaintiffs' petition and state law does not convince the Court that there is no possible way that Plaintiffs could recover against individual defendants Davis and Thomas Oil, and thus the removing defendant simply has not met its burden of proving their joinder was improper.  The Court finds that diversity is lacking, and pursuant to 28 U.S.C. § 1447(c) this matter must be remanded.  Accordingly;

**IT IS ORDERED** that **Plaintiffs' Motion to Remand to State Court (Rec. Doc. 38)** should be **GRANTED**.

**IT IS FURTHER ORDERED** that oral argument currently set for Wednesday, January 31, 2007 on **Defendant W. M. Barr's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 23)** is **CANCELLED**.  The instant matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this  26th   day of January, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7